

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 25-225-FLA |
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| HUGO EDUARDO PULIDO-AVINA, | |
| Defendant. | |

I.

On April 14, 2025, Defendant Hugo Eduardo Pulido-Avina made his initial appearance on the indictment filed in this case. Deputy Federal Public Defender Jacqueline Marrinson was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Christina Lopez. Defendant submitted on the recommendation of detention in the report prepared by United States Probation and Pretrial Services.

☐   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)]  The Court also

considered the report and recommendation prepared by United States Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Information about Defendant's background is unverified.

☒ Lack of bail resources.

☒ Defendant is alleged to have entered the United States without permission after being deported in 2015, 2017, and 2023, following his convictions for attempted second degree robbery in 2013.

As to danger to the community:

☒ felony criminal convictions for second degree robbery in 2012, and re-entry following deportation in 2021, and extensive law enforcement contacts which include parole violations and contacts as recent as February 2025.

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 14, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE